UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,                    Case No. 17-cr-96-pp

                 Plaintiff,

v.

JOSHUA L. BROWN,

                 Defendant.

**ORDER DENYING DEFENDANT'S REQUEST FOR
REINSTATEMENT OF BOND (DKT. NO. 178)**

On June 6, 2017, the defendant and a number of other individuals were indicted by a federal grand jury, accused of being involved in a fairly wide-ranging drug conspiracy. Dkt. No. 1. This court is aware that, before the grand jury returned this indictment, the defendant had been out on bail in state case number 2017CF786. The court also is aware that a federal grand jury indicted the defendant in another case—17-cr-62—and that during the brief time that case was pending, the defendant was released on bail.

Since the defendant first appeared in this current case, however, he has been in custody, based on information that the government has provided to various judges of this court.

On June 8, 2017, Magistrate Judge Duffin temporarily detained the defendant pending a hearing. Dkt. No. 5. On June 12, 2017, Magistrate Judge Jones ordered the defendant detained pending trial, after a hearing. Dkt. Nos. 27, 29.

On August 2, 2017, the defendant's attorney asked Judge Jones to reconsider that order. Dkt. No. 73. Judge Jones held another hearing on August 15, 2017, but ordered that the defendant remain detained. Dkt. No. 82.

On November 10, 2017, defense counsel filed a motion, asking Judge Pepper to conduct a *de novo* review to determine whether the defendant constituted a risk of flight or a danger to the community. Dkt. No. 120. The government responded, dkt. no. 131, and on December 13, 2017, this court—Judge Pepper—ordered that the defendant remain in custody pending trial, dkt. no. 141.

On March 12, 2018, defense counsel filed yet another motion, this time asking Judge Jones to release the defendant because of his good behavior while in custody. Dkt. No. 167. The defendant himself filed a letter to the court in support of this motion. Dkt. No. 170. Judge Jones considered the arguments from defense counsel and the defendant, but declined to release the defendant on bond. Dkt. No. 171.

Now the court has received a letter from the defendant, dated April 23, 2018. Dkt. No. 178. The defendant—writing on his own, and not through his lawyer—indicates that he doesn't understand why he has been denied bond, claiming that he proved the he "had no criminal ties to the defendants." Id. at 1. He explains how well he did when he was out on bond in the state case. He also says that he "already [has] accepted full responsibility for the actions [he] was accused of," but that "they" are "making [him] out to be something more

than that." Id. He says that he is writing directly to this court because he "went through the proper chains of command and it's gotten [him] nowhere." Id.

The court also received a letter from the defendant's mother, Gloria Brown. Dkt. No. 179. She asks the court to have mercy on the defendant, and to let him out on bond so that he can kiss his children goodbye. She says she hopes that he is not going away long, and shares with the court that he has two sons. She indicates that her heart goes out to "all young men who fail the system and their sons repeat history." Id.

If the court counts this most recent letter from the defendant, the defendant has filed four different motions asking to be released on bond. Three different judges—Judge Duffin, Judge Jones and Judge Pepper—have considered the information the government proffered, and the arguments the defendant's lawyer has presented. Judge Jones has considered all of this three times; Judge Pepper has considered it twice. For all of the reason that both this court and Judge Jones have stated in various orders, the court believes that the defendant poses a risk of flight and a danger to the community.

The court has no doubt that the defendant misses his children very much. It is rare that the court sees a defendant with children who does not love them, and miss them, and want to be with them. But when a court decides whether to release someone on bail, it cannot make that decision based on sympathy, or empathy, or pity. It cannot base that decision on whether the defendant's children miss him, or whether the defendant misses his children. The court must base its decision on the factors listed in the statute. That is

what Judge Jones based his decisions on. That is what this court has based its decisions on.

The court notes that the defendant has a lawyer. He should communicate with that lawyer, and should ask his lawyer to help him, rather than communicating directly with the court. That is not to avoid bothering the court; it is to make sure that the defendant does not accidentally say or do something that might make his situation worse. Lawyers can give people advice for just this reason.

The court also notes that the defendant states in his letter that he has taken full responsibility for what he did. The court does not know what the defendant is talking about, but it notes that as of the date of this order, the court does not have a plea agreement on file for this defendant (or any of the other defendants).

The court will deny the defendant's request for reinstatement of bond. Dkt. No. 178. The court will not respond to any further requests that come directly from the defendant himself; if the defendant wishes the court to consider something, or to do something, he should ask his lawyer to file a motion.

Finally, the court advises the defendant that on June 28, 2018 at 9:30 a.m., the court will be holding a status conference with the lawyers for all of the defendants. The purpose of that status conference is to discuss which defendants plan to plead guilty, and which plan to go to trial. The court also

plans to discuss with the lawyers possible dates for scheduling a trial. The court encourages the defendant to speak with his lawyer about his case.

The court **DENIES** the defendant's *pro se* request to reinstate his bond. Dkt. No. 178.

Dated in Milwaukee, Wisconsin this 8th day of May, 2018.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**